**FIEDLER v. MOSS, Acting Federal Prohibition Director of New Jersey.**

(District Court, D. New Jersey. March 7, 1923.)

1. **Intoxicating liquors** ⬩108(2)—**Copy of agent's report is sufficient "statement of facts" with citation to revoke permit.**

The furnishing, with a citation to revoke a permit to withdraw liquor for non-beverage purposes, of a copy of the agent's report to the local prohibition director's office, is a sufficient statement of facts to comply with the requirement of National Prohibition Act, tit. 2, § 9, that a statement of the facts constituting the violation charged shall accompany the citation, if the proceedings be initiated for the commissioner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statement of Fact.]

2. **Intoxicating liquors** ⬩108(9)—**Withdrawal cannot be denied until hearing on revocation of permit.**

One who holds a permit for the withdrawal of intoxicating liquor for nonbeverage purposes cannot be denied the right to withdraw liquors after a citation for revocation of the permit has been served upon him, but before the hearing, which would be to permit him to be condemned unheard; the provision in National Prohibition Act, tit. 2, § 9, that during the pendency of an action the permit shall be temporarily revoked, applying to the action brought by the permittee for a review of the decision of the Commissioner after hearing by him revoking the permit.

3. **Intoxicating liquors** ⬩106(1)—**Treasury decision must be based upon original law.**

No official has a right to exercise authority to promulgate rules and regulations, except as they have their basis in original law, and therefore the treasury decision denying the right of a permittee to withdraw liquor while proceedings for revocation of the permit are pending does not justify refusal of such withdrawal.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Jacob Fiedler against William D. Moss, Acting Federal Prohibition Director of New Jersey. On application for preliminary ·injunction. Injunction issued.

Silverman & Grosman, of Newark, N. J. (Robert D. Grosman, of Newark, N. J., of counsel), for complainant.

Walter Van Riper, Asst. U. S. Atty., of Newark, N. J.,· for defendant.

RUNYON, District Judge. The complainant in the above-entitled matter makes application for a preliminary injunction restraining the defendant from refusing to approve his application for the withdrawal of liquor in accordance with the terms of his basic permit, and bases his right to such relief upon two points, viz.:

(1) That the revocation proceedings instituted by the Federal Prohibition Director are illegal, in that the citation to show cause why the permit should not be revoked was neither accompanied by a copy of the sworn complaint or with a statement of the facts constituting the violations charged; and

(2) That the complainant has a right to withdraw liquor for nonbeverage purposes until his basic permit has actually been revoked.

This entire matter comes within the purview and terms of title 2, § 9, of the National Prohibition Act, which deals with revocation proceedings, and which provides in part as follows:

"* * * If the Commissioner has reason to believe that any person who has a permit is not in good faith conforming to the provisions of this act, or has violated the laws of any state relating to intoxicating liquor, the Commissioner or his agent shall immediately issue an order citing such person to appear before him on a day named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the Commissioner with a *statement of the facts constituting the violation charged,*" etc.

[1] In the instant case the citation was accompanied by a copy of the agent's report to the local prohibition director's office, setting forth his findings. To this report the complainant takes exception and refuses to regard it as a statement within the meaning of said section 9. With this contention I cannot agree, believing as I do that the submission of the agent's report with the citation constitutes a compliance with the requirements of the act, and puts the defendant in possession of everything upon which the Commissioner bases his action.

[2] With reference to complainant's second point, said section 9 of title 2 further says that upon the day named in the citation—

"a hearing shall be had unless continued for cause. * * * If it be found that such person has been guilty of willfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this act, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter. Should the permit be revoked by the Commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in section 5 hereof. During the pendency of such action such permit shall be temporarily revoked."

In the present case the original basic permit expired on the 31st day of December last, but I am informed that application for its renewal was duly made by the complainant, and that the custom prevails of renewing such permit, in the absence of any compelling cause to the contrary. Permission has been refused to the complainant to withdraw five gallons of alcohol in connection with his drug business in accordance with section 5 of Treasury Decision 3381, which says in part as follows:

"Upon receipt of such application for a permit to purchase, the director shall issue the permit as applied for unless * * * (c) revocation proceedings are pending."

The language of the treasury decision would, if taken by itself, seem to be conclusive in the premises; but my opinion is that this language, as well as the Commissioner's act in promulgating the same, must find its sole authority in the act itself, and my reading of said section 9 does not lead me to the conclusion that the complainant has been placed in such position yet as to warrant the refusal to comply with his application. I believe that a hearing must first be had under the terms of said section 9 of title 2, and a defendant be found guilty as charged, before there can be a revocation of the permit. If any other interpretation is to be given to the language of this section, it will virtually mean that a permittee can to all intents and purposes be adjudged guilty before having any chance whatever to defend himself, and it is entirely possible that this condition might obtain upon irresponsible information. If the permittee upon a hearing shall be found guilty of law violation, or of not having acted in good faith, the clause concerning the revocation of his permit is mandatory in such section; but even then he is given a method whereby he may seek relief, viz. in a review proceeding before a court of equity, which I take it contemplates quite another action, and one which makes applicable the final sentence of said section 9, viz.

"During the pendency of *such action* such permit shall be temporarily revoked."

[3] While this finding is at variance with the language of said Treasury Decision No. 3381, it cannot be argued, I am sure, that any official has a right to exercise authority, or to promulgate rules and regulations, except as they have their basis in the original law. I cannot believe that the framers of the National Prohibition Act intended that there should, in any set of circumstances such as those presented in this case, be a prejudgment, or that a business to all intents and purposes legitimate should be held liable to be ruined without a fair hearing and finding of guilt first being had. In this connection the language of Judge Lynch in the matter of New Jersey Wholesale Drug Co. v. Brown, Federal Prohibition Director, 288 Fed. ——, is appropriate, wherein it says:

"It would be unjust and unfair to suspend it [a permit] without hearing, so a hearing was provided for. The authority to arbitrarily prevent the holder of a permit from doing business does not appear to reside in any official. The hearing must first be accorded. This is, I think, the plain meaning of section 9."

For the above reasons, I am of the opinion that the complainant is entitled to the preliminary injunction prayed for. Orders in accordance herewith will be signed.