### WILSON v. BOWERS, Collector of Internal Revenue.

(District Court S. D. New York. January 14, 1924.)

1. **Courts** ⊜⟹262(4)—**Federal District Court held to have jurisdiction to enjoin collector of internal revenue from refusing to honor application for withdrawal of denatured alcohol.**

Federal District Court, though without general power of mandamus, *held* to have jurisdiction to enjoin collector of internal revenue

from refusing to honor application for withdrawal of specially denatured alcohol while basic permit of applicant remained unrevoked.

2. **Courts** ⊜⟹265.

Federal District Court, in absence of statute, has no general power of mandamus.

3. **Courts** ⊜⟹262(4).

As affecting jurisdiction of federal court, there is a distinction between an application for mandamus requiring an officer in general to take certain action and an injunction restraining his refusal on some particular ground.

4. **Injunction** ⊜⟹114(3)—**Commissioner of Internal Revenue and Prohibition Commissioner held not necessary parties to injunction suit against collector of internal revenue.**

Commissioner of Internal Revenue and Prohibition Commissioner *held* not necessary parties to suit to enjoin collector of internal revenue from refusing to honor application for withdrawals of specially denatured alcohol while applicant's basic permit remained unrevoked.

5. **Intoxicating liquors** ⊜⟹106(1)—**Pendency of proceeding to revoke basic permit does not temporarily revoke it (Comp. St. § 10138½dd).**

Under National Prohibition Act, tit. 2, § 9 (Comp. St. § 10138½dd), basic permit to use specially denatured alcohol is not temporarily revoked by pendency of proceeding before Commissioner of Internal Revenue to revoke permit.

In Equity. Suit by William Wilson, doing business under the trade-name of the Wilson Specialty Company, against Frank K. Bowers, Collector of Internal Revenue. Decree for complainant.

Siegel & Corn, of New York City (Jacob H. Corn and Isaac Siegel, both of New York City, of counsel), for complainant.

William Hayward, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This suit is brought to procure a final decree restraining the defendant, the collector of internal revenue, from refusing to honor complainant's application for withdrawals of specially denatured alcohol for which he has a basic permit granted under the Volstead Act (Comp. St. § 10138¼ et seq.). This permit was granted by the collection after the application and bond were approved by the Commissioner.

The motion before the court is for a preliminary injunction to restrain the defendant from refusing to honor applications for withdrawals, upon the ground that, so long as the basic permit is in force and officially unrevoked, no power exists to suspend the

rights which the complainant acquired under it. The latter insists (1) that the revocation proceedings which have been instituted are void because not in compliance with the statute; (2) that irrespective of the validity of the revocation proceeding the collector has no right to suspend the benefit of the basic permit unless and until it is duly revoked.

[1, 2] The question which has occurred to me at the outset is whether there is any jurisdiction in this court to grant the relief prayed for in the complaint, or on the motion for a preliminary injunction; in other words, whether it is not an indirect way of applying for a writ of mandamus which, in the absence of congressional legislation, the court has no power to issue in an original action brought to secure relief by such a writ. Covington Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111; Knapp v. Lake Shore & Michigan Southern Ry. Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870. While it is admitted by the counsel for the complainant that under settled law no general power of mandamus resides in this court, it is contended that the effect of the bill and of the motion herein is not that of an application for a mandamus. I am referred to the case of Jacob Hoffman Brewing Co. v. McElligott (D. C.) 259 F. 321, where I refused to dismiss a bill brought to restrain an attempted enforcement of the War-Time Prohibition Act (Comp. St. §§ 3115$^{11}$/$_{12}$f–3115$^{11}$/$_{12}$h), and, among other things, to restrain the collector of internal revenue from refusing to issue revenue stamps to the brewer. A preliminary injunction was granted by Judge Mayer, restraining the collector from refusing to issue the stamps, and was affirmed by Judges Ward and Hough (Judge Rogers dissenting) in the Circuit Court of Appeals, 259 F. 525, 170 C. C. A. 487.

[3] I think there probably is a distinction, as pointed out by counsel for the complaint, between an application for a mandamus requiring an official in general to take certain action and an injunction restraining his refusal upon some particular ground which he sets up as a consideration legally controlling; at least I cannot reconcile otherwise the Jacob Hoffman Brewing Company Case and also certain cases where the collector has been restrained from refusing to enter goods by reason of alleged violations of the Trade-Mark Act (Comp. St. § 9485 et seq.) with the decisions of the Supreme Court I have quoted relating to mandamus. It is therefore my opinion that an

application for an injunction limited to an order restraining the collector from refusing to approve complainant's application for withdrawal of October 25, 1923, on the ground that the basic permit No. 177 is under suspension, has been properly made.

[4] The question is raised by the government as to whether the Commissioner of Internal Revenue and the Prohibition Commissioner are not necessary parties. If the collector refuses to issue a withdrawal permit, because of some direction of the Commissioner which is not warranted by the statute, I cannot see how any official except the collector is a necessary party. He, under the regulations of the department, after the basic permit has issued, is charged with the duty of issuing withdrawal permits. The only question which would seem to arise is whether there is any power on the part of any one to suspend the operation of the basic permit pending the determination of a revocation proceeding before the department. If there is no such power at all, then the duty of the collector not to refuse withdrawal permits because of such a suspension is clear, and the mere attempt to suspend by an official who was given no right to do so by the statute does not seem to me to make him a necessary party.

[5] As for the attempted suspension, I agree with the conclusions of Judge Lynch and Judge Runyon in New Jersey Wholesale Drug Co. v. Brown (D. C.) 289 F. 108, and Fiedler v. Moss (D. C.) 287 F. 934, that the words in title 2, § 9, of the National Prohibition Act (Comp. St. § 10138½dd), "During the pendency of such action such permit shall be temporarily revoked," refer only to the period of review in the United States District Court given the permittee whose permit has been revoked. The government argues that, if the word "action" refers only to the review of the decision of the Commissioner before a court of equity, the provision that "such permit shall be temporarily revoked" is of no value, because it already had been revoked by the Commissioner himself.

This argument is by no means without weight. On the other hand, it is not only true that it would be a very drastic doctrine which made the filing of a complaint before the Commissioner an automatic suspension of the basic permit, but it is of greater force that the words "during the pendency of such action such permit shall be temporarily revoked" immediately follow the clause providing for a review of a decision of the Commissioner revoking the permit

before a court of equity. This close proximity of the two clauses makes me quite certain that the word "action" has its more usual meaning, and refers to the review in equity rather than to the departmental proceeding. I would suggest this answer to the government's argument that the clause "during the pendency of such action such permit shall be temporarily revoked" is made unimportant by the construction that I have given it:

The review provided by the statute is in the nature of an appeal. Contention is constantly made that an appeal operates as a supersedeas. Those who drafted the act might well have wished to dispel forever the possibility of the contention either that the review operated as a supersedeas or even permitted the court to grant a supersedeas. They therefore established the clause "during the pendency of such action such permit shall be temporarily revoked" as a mandatory requirement of the statute, preventing any action to keep alive the permit, or to stay the revocation thereof, while the suit in equity was pending.

In the circumstances I think the limited form of injunction which I have outlined should issue. It neither does, nor is intended to, in any way act as a mandamus, nor directly or indirectly to require the collector to issue withdrawal permits if, as has been charged, the amount to be furnished under the basic permit has already been exhausted.

Settle order on notice.