**OLIVETT DISTRIBUTING CO., Inc., v.
BOWERS, Internal Revenue Collector,
et al.**

(District Court, S. D. New York.   July 8, 1926.
On Rehearing, July 18, 1926.)

**Intoxicating    liquors    ⟞⟞⟞108(1)—Permittee,
pending proceeding to revoke basic permit to
operate denaturing plant, held not entitled
to injunction against denial of withdrawal
permits (National Prohibition Act, tit. 2, §§
4–6, 9 [Comp. St. §§ 10138½b–10138½c,
10138½dd]; Regulation 61, art. 119; Regu-
lations, § 1903).**

After citation to show cause why basic per-
mit to operate denaturing plant should not be
revoked, permittee, under National Prohibition
Act, tit. 2, §§ 4–6, 9 (Comp. St. §§ 10138½b–
10138½c, 10138½dd), and Regulation 61, art.
119, and Regulations, § 1903, *held* not entitled
to injunction against denial of withdrawal per-
mits, issuance of which is discretionary with ad-
ministrator.

In Equity.   Suit for injunction by the
Olivett Distributing Company, Inc., against
Frank K. Bowers, Collector of Internal Rev-
enue, and another.   Writ denied.

Falk & Orleans, of New York City (Sam-
uel Falk, of New York City, of counsel), for
complainant.

Emory R. Buckner, U. S. Atty., of New
York City (U. S. Grant, Asst. U. S. Atty., of
New York City, of counsel), for defendants.

HAZEL, District Judge.   This is a motion
to enjoin the collector of internal revenue
from refusing to issue a permit for the with-
drawal of alcohol, as provided in section 6
of title 2 of the National Prohibition Act
(Comp. St. § 10138½c).

A basic permit authorizing plaintiff to op-
erate a denaturing plant, and for obtaining
quantities of alcohol, 125,000 gallons each
month, was issued by the prohibition commis-
sioner on November 26, 1923.   Several with-
drawal permits were subsequently issued, but
on June 9, 1926, the collector refused to issue
a new withdrawal permit, or permit to pur-
chase alcohol, and at the time of filing the
bill herein no steps to revoke the basic per-
mit had been taken; but later a citation was
issued, pursuant to title 2, § 9 (Comp. St.
§ 10138½dd), requiring plaintiff to show
cause why its existing permit should not
be revoked and canceled, on the ground that
it had not in good faith complied with the
provisions of the National Prohibition Act,
and specifically that at various times plaintiff
had falsely certified that it was without alco-
hol at its plant or in transit; that alcohol had
been collusively diverted, and accurate rec-
ords of alcohol were not kept, as required by
the statute; that more alcohol was sold than

had been permitted during the named period.
The verified answer embodies these grounds
for refusal as a defense.

The hearing upon the citation has not as
yet been had.   Plaintiff contends that the pro-
hibition administrator cannot legally refuse
to issue a new permit to buy alcohol while
the basic permit is in force, and a decision by
Judge Augustus N. Hand in Wilson v. Bow-
ers, 14 F.(2d) 976, in support thereof, is
drawn to my attention.   In that case, how-
ever, the court was concerned with a special-
ly denatured alcohol, and as to such article
it was decided that prohibition officers could
not refuse permits during the pendency of a
proceeding to revoke.   In this case we are
dealing with pure alcohol, a liquor or bever-
age.   Section 6 of title 2 is directed to the
manufacture, sale, purchase, or transporta-
tion of liquor as that term is defined, without
obtaining a permit so to do, and it is stated
"that permits to purchase liquor for the pur-
pose of manufacturing or selling   *   *   *
shall not be in force to exceed 90 days from
the date of issuance," while permits to buy
liquor for any other purpose are not in force
beyond 30 days.   Upon expiration of permits
of the latter class, application for new per-
mits must be made.   The applications, how-
ever, may be refused, when there is evidence
that the permittee was guilty of violating the
act, or has not in good faith conformed to the
regulations.

Such a construction of the material pro-
visions relating to permits is logical, for sec-
tion 6 affords to permittees, on refusal of
their applications, the right of review, as pro-
vided in section 5.   It is also to be noted that,
since Judge Hand rendered his decision in
the above-cited case, regulation 61 has been
amended, and by article 119 it is substantial-
ly provided that in the discretion of the ad-
ministrator he may, after issuance of the ci-
tation, refuse withdrawal permits, and rein-
state withdrawals upon a showing of good
cause.   The various rights accorded with-
drawal permits for alcohol or liquor and per-
mits for denatured alcohol are apparently in
a different class, for section 6 of title 2 refers
to "any liquor"—obviously beverages—and,
though the word "alcohol" is included in the
provision, the wording, nevertheless, as Judge
Learned Hand remarked in Higgins v. Fos-
ter, 12 F.(2d) 646, recently decided by the
Circuit Court of Appeals, "precludes dena-
tured alcohol, which is not potable."

Upon carefully reading sections 4, 5, 6,
and 9 of title 2 (Comp. St. §§ 10138½b–
10138½c, and 10138½dd), I have become
satisfied that it was not intended that this

court should, by injunction, enforce the issuance of withdrawal permits, when the prohibition administrator, for cause, refuses a renewal. The plaintiff is not prohibited from conducting its business under the basic permit, during the pendency of the revocation proceeding, save in so far as its business is interrupted by the refusal to permit the additional purchase of alcohol. If the hearing is adverse to plaintiff, it has the right to have the action of the administrator reviewed, and in such case this court may affirm, modify, or reverse, if the evidence warrants. It is clear that the administrator has the discretionary right to deny plaintiff's application, regardless of the fact that the basic permit has not expired, or has not been canceled; but this court has not the power to temporarily enjoin the exercise of the power and duties of the administrator.

In the case of Ma-King Products Co. v. Blair, 46 S. Ct. 544, 70 L. Ed. ——, decided by the Supreme Court June 1, 1926, it was said: "It is clear that the act does not impose on the Commissioner the mere ministerial duty of issuing a permit to any one making an application on the prescribed form, but, on the contrary, places upon him, as the administrative officer directly charged with the enforcement of the law, a responsibility in the matter of granting the privilege of dealing in liquor for nonbeverage purposes, which requires him to refuse a permit to one who is not a suitable person to be intrusted, in a relation of such confidence, with the possession of liquor susceptible of diversion to beverage uses."

In view of the foregoing, I hold that this court is without power to require issuance of the writ, and accordingly the motion is denied.

### On Rehearing.

In the Ma-King Case the Supreme Court evidently has before it a basic permit, as plaintiff's counsel contends, but, since the statute (section 6 of title 2) gives the Commissioner the right to refuse a permit (a purchase permit is implied), when the permittee has violated the terms of the permit or any law of the United States, the language of the Supreme Court is fairly applicable to both classes of permits, namely, that the Commissioner has the discretionary right to suspend purchase permits, or refuse their renewal, for flagrant violation of the statute, or if he has grounds for believing that the public interest would suffer if further withdrawals were permitted. Section 1903, Regulations. It is inconceivable that Congress intended that the prohibition officials must give purchase permits, if in their judgment the permittee has not in good faith complied with the law and regulations to enforce it. The refusal or suspension of the purchase permit in this case, as the affidavits in opposition to grant a temporary injunction show, was on the ground of flagrant violations, for which a citation has been issued to show cause why the basic permit should not be revoked, and in the circumstances this court ought not, at this time, interfere with the discharge of the duties placed by law upon the prohibition officers.

Rehearing denied. So ordered.