### CARNIOID, Inc., v. BLAIR, Commissioner of Internal Revenue, et al.

(District Court, S. D. New York. August 6, 1926.)

Intoxicating liquors ⬅➡101—Permittee to use specially denatured alcohol in a manufacture held entitled to an injunction to restrain refusal of withdrawal permits while his basic permit remains unrevoked.

One holding a permit to use specially denatured alcohol in a manufacture *held* entitled to an injunction to restrain the Commissioner from refusing him withdrawal permits for alcohol prior to hearing on a citation to show cause why his basic permit should not be revoked.

In Equity. Suit by Carnioid, Incorporated, against David H. Blair, Commissioner of Internal Revenue, and another. On motion of plaintiff for injunction. Granted.

Nathan Bieberman, of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City, for defendants.

HAZEL, District Judge. The plaintiff, Carnioid, Incorporated, is engaged in the business of manufacturing a health food known as "Carnioid," and on May 11, 1925, obtained a so-called basic permit from the Commissioner of Internal Revenue to use a specially denatured alcohol in its manufac-

ture. The bond, amounting to $25,000, required by title 2 of the National Prohibition Act (Comp. St. § 10138½ et seq.), was filed, and the following year the basic permit was renewed, and permission given plaintiff corporation to buy specially denatured alcohol from a bonded dealer, for a period of 30 days, not exceeding, however, the quantity specified in the permit. On March 31, 1926, while the basic permit of 1925 was still in force, plaintiff filed an application for a new permit, wherein he asks permission to use an increased quantity of specially denatured alcohol. The new application was not a surrender or cancellation of the original permit issued in May, 1925.

The Commissioner has stopped the withdrawals under any permits to purchase specially denatured alcohol, and this action was brought to enjoin him from continuing his refusal. Since this action was instituted, plaintiff corporation has been cited to show cause before the prohibition officer why its basic permit should not be revoked, on the ground that on a prior occasion its president held a permit (which was revoked for diverting whisky) to buy whisky for purposes of sale in a drug store managed and conducted by him, and on applying for plaintiff's basic permit he falsely answered questions put to him which misled the Commissioner and induced him to issue the permit to plaintiff.

In opposition to these grounds of revocation, it appears by the affidavit of Edward Thanz, plaintiff's president, that the prior permit related to the sale of whisky at a drug store which was the business of his father, he being interested therein only as an employee, and also that, in answering the questions on applying for the basic permit issued to the plaintiff, he inferred that such questions related to the corporation, and not to him personally. It is difficult to perceive how he could have indulged in this inference, since he was specifically asked, among other things, whether he had been employed by any person holding a permit under the National Prohibition Act, to which question he answered "No."

By section 6, title 2, of the National Prohibition Act (Comp. St. § 10138½c), a permit is required to manufacture, sell, transport, purchase, or prescribe any liquor, meaning beverages containing one-half of 1 per cent. of alcohol, and, though such provision does not specifically relate to denatured alcohol, still, by section 4 (Comp. St. § 10138½b), certain manufactured articles, including denatured alcohol, while not subject to the provisions of the act, their use, never-

theless, is controlled by regulations authorized by section 13, title 3 (Comp. St. § 10138¾l).

In view of the disingenuousness of the answers of plaintiff's president to questions on application for plaintiff's permit, I am not disposed to consider that the action of the Commissioner, in ordering the stoppage of the withdrawal privileges under the basic permit, was arbitrary as contended; but nevertheless I am unable to draw any inference as to the action of the Commissioner with relation to issuing the basic permit, if its president had given more complete answers to the questions. Under Regulation No. 60, power is given to refuse withdrawal of specially denatured alcohol if, in the judgment of the Commissioner, the public interest would suffer by continued withdrawals.

However, as plaintiff is engaged in business under a manufacturing permit, I am unable to perceive any harm in granting the injunction until a hearing and determination is had on the citation. In Wilson v. Bowers, 14 F.(2d) 976, decided by Judge Augustus N. Hand, it was ruled that a person holding a permit for use of specially denatured alcohol could not be prevented from having the benefit of withdrawals during the time his basic permit was unrevoked. Upon this subject, the decision of Judge Hand in Rock v. Blair (D. C.) 13 F.(2d) 1004, recently decided, says:

"Since the decision in Higgins v. Foster [(C. C. A.) 12 F.(2d) 646], I am inclined to hold that the regulation ending the term of the permit for use of specially denatured alcohol on December 31, 1925, would not affect existing use permits. While they were in a general sense issued subject to regulations made subsequent thereto, I do not regard a regulation shortening their tenure and amounting to a revocation as one which can virtually be read into the permit itself, if the words of section 9 of title 2 of the Prohibition Act [Comp. St. § 10138½dd] include revocation of permits for use of specially denatured alcohol."

The basic permit in this case has not been submitted to me; but I presume it, in terms, is similar to the permit considered by Judge Hand, and the period of its duration was "until * * * cancelled by the Commissioner," etc. I concur in Judge Hand's interpretation of the statute in connection with the terms of the permit and regulation, since, under section 6, title 2, of the National Prohibition Act, a review of the revocation of a permit for specially denatured alcohol may be had.

The motion of the plaintiff, restraining the

Commissioner from refusing to allow withdrawals upon its permit of 1925, pending a hearing on the citation, is granted.