**NATIONAL RADIO SCHOOL v. MARLIN
et al.**
**Civil Action No. 26134.**

United States District Court
N. D. Ohio, E. D.
Jan. 13, 1949.

Paul Walter, of Cleveland, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., and John Kane, Asst. U. S. Atty., both of Cleveland, Ohio, for defendants.

WILKIN, District Judge.

This case came on for hearing upon the motion of the plaintiff National Radio School for preliminary mandatory injunction; motion of the United States Attorney for the Northern District of Ohio for an order dismissing the action; and the motion of the defendants that the complaint and motion for mandatory injunction be dismissed for want of jurisdiction; and the motion of Robert R. Pace for leave to intervene for himself and in a representative capacity for Veterans now attending the National Radio School.

The motion to intervene was granted. From the undisputed allegations in the complaint and in the motion of the intervenor and from the evidence and conceded facts, the court was convinced that the Veteran students at the school were real parties in interest.

·The motion of the United States Attorney for an order dismissing the action for want of service is overruled. The court finds that service was made upon the defendants within this district and that the notice required by Rule 4 (d) (5), Rules of Civil Procedure, 28 U.S.C.A., was served upon the Attorney General.

The motion of the defendants to dismiss the complaint and motion for mandatory injunction for want of jurisdiction, are also overruled. The court finds that the complaint states a cause of action and that the motion for mandatory injunction, in view of the rights of the intervenor and his fellow students, also states a sufficient cause for such motion. The court further finds that it has jurisdiction of the subject matter. Title 28, U.S.C.A. §§ 1331 and 2201. The court also finds that the Ad-ministrator of Veterans Affairs of Washington, D. C., is not an indispensable party, and the court finds that this is not an action in mandamus, but an action for injunction. Wilson v. Bowers, Collector of Int. Rev., D.C., 14 F.2d 976; Gargilis v. Gleavy, D.C., 45 F.Supp. 721; Jarvis v. Schackelton Inhaler Co., 6 Cir., 136 F.2d 116; Varney et al. v. Warehime et al., 6 Cir., 147 F.2d 238; Williams et al. v. Fanning Postmaster, 332 U.S. 490, 68 S.Ct. 188.

Coming to a consideration of the motion for preliminary injunction, the court finds from the evidence and from the statements and admissions of the parties that the National Radio School is a corporation of the State of Ohio, with its principal place of business in the City of Cleveland, and that it maintains and operates and has maintained and operated since September 24, 1943, a vocational training school where it teaches courses in radio service, radio telephone operation, frequency modulation, television and broadcasting practices; that such school has been approved and licensed as a training institution by the proper authorities of the State of Ohio; that the school has an enrollment of 1090 students and that 933 are Veterans entitled to receive education or training as provided by the Servicemen's Rehabilitation Act of 1944 (Public Law 346, as amended, 38 U.S.C.A. § 701(f), Veterans Regulation No. 1a, Part VIII), and the regulation, Part 36, new Sec. 36.287 through Sec. 36.290, inclusive, filed May 18, 1948, as F.R.Doc. 48—4495 (Federal Register, Vol. 13, p. 2695 (No. 98, May 19, 1948), as amended December 22, 1948; and that plaintiff has complied with the statute and the regulations promulgated by the Administrator of Veterans Affairs which entitles plaintiff to receive payment of claims for tuition for education furnished to Veterans pursuant to such statute.

The court finds that a system and custom for the payment of such claims had been established by which the plaintiff school would prepare and submit vouchers to the defendant Hicks, Chief Finance Officer of the Regional Office of the United States Veterans Administration; that the defendant Hicks, after examination of such vouchers, would present them to the Disbursing Officer of the Treasury Department

in the Federal Building, Cleveland, who would issue a check drawn on the United States Treasury for the amount due on such vouchers.

The court finds that there is, as a rule, an arrearage of payments due covering from two to six weeks service; that the payments in the ordinary course of administration follow the rendering of the services about a month or six weeks; that the average amount due for a four weeks' period is between forty and fifty thousand dollars, so that there is generally owing to the school from the Veterans Administration a sum in the neighborhood of fifty to one hundred thousand dollars. The court further finds that the school is unable to finance its operations for a longer period without payment of the amount due from the Veterans Administration.

The court finds that the defendant Hicks, when he received vouchers from said school on or about December 23, 1948, failed to deliver them to the local Disbursing Officer of the Treasury Department but sent them to the Accounting Division of the Veterans Administration Office in Washington, D. C. with a request that they be submitted to the Comptroller for approval of payment.

The defendant Hicks said that he had so sent such vouchers to Washington for the purpose of obtaining a ruling by the Comptroller on a compromise settlement which had been made of certain disputed claims of the school which were presented in 1945 and 1946. Such compromise settlement had been ratified and approved by the plaintiff school, recommended for acceptance by the United States Attorney for the Northern District of Ohio to the Attorney General, and ratified by the Veterans Administration. The defendant Hicks said, however, that the law required approval of such compromise settlement also by the Comptroller, and that he was liable personally for any further payments made to the plaintiff school if such compromise and settlement should not be approved by the Comptroller. The compromise and settlement were consummated in April, 1948 and a report submitted April 28, 1948, but that no action had been taken thereon by the Comptroller.

■ The court finds that a sufficient length of time has elapsed for final action on such compromise and settlement, and that to interrupt the regular course and procedure of periodic payments to said school at this time for consideration of such compromise and settlement is unwarranted in law, unreasonable, unjust, and in derogation of the rights and interests of the plaintiff school and the intervening Veterans. The court finds that if such payment is not made within a reasonable time, or if further payments due are not promptly made, the school will be obliged to close and the Veteran students will suffer irreparable loss and inconvenience by interruption of their training and education, their part-time employment, and their present mode of life.

■ The defendants in open court waived any demand that the plaintiff enter into a contract and disclaimed any intention of insisting upon a contract before payments now due are made. The defendants said, however, that they did expect to insist upon a written contract covering educational services to the Veterans on or about the 1st of February. The determination of any issue regarding that demand is postponed until final hearing of this case.

It is hereby ordered that during the pendency of this cause and until the final disposition thereof the defendants and their agents, assistants, deputies, employees, and all persons acting under their direction or by their authority be and they hereby are restrained from withholding the issuance of customary and proper vouchers for the payment of services due or to become due to the plaintiff for the furnishing of training to Veterans. And they are enjoined from requesting the withholding of or any interference with the payment of sums due or to become due to the plaintiff in accordance with the established practice between the plaintiff school and the Veterans Administration. And they are hereby directed to issue and transmit proper vouchers promptly and in the customary and established manner and request that checks for the payment of such vouchers be issued to the plaintiff for current amounts due for training to the Veterans.

It is further ordered that the defendants and each of them be restrained from send-

ing any further or other vouchers for payments to Washington, and further that as to the vouchers now in Washington the defendants be given until January 20 to obtain word or ruling from the Comptroller in accordance with their request, but that if by that time no word is received from the Comptroller the defendant Hicks then be directed to request the immediate return of such vouchers or, in the alternative, to issue duplicate vouchers and file them with the Disbursing Officer of the Treasury Department and request the issuance of check for payment.

It is further ordered that the issuance of such vouchers and the payment thereof shall be without prejudice to the customary and normal procedure and practice for verification and audit of the vouchers, records, and claims of the plaintiff, and if it subsequently appear that any adjustment or withholding is required, such adjustment or withholding shall be made in the customary and usual manner and practice as is now and has been in effect in respect to transactions between plaintiff and these defendants, the purpose of this order being to continue the operation of the school in the normal way until final determination of issues and differences between the plaintiff and the defendants; and that action by defendants pursuant to this order shall in no way be deemed as a waiver of any rights which defendants may ultimately have respecting their rights and interests and the rights and interests of all parties.