# KNAPP v. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 251. Argued February 28, 1905.—Decided April 10, 1905.

The Circuit Court of the United States has no original jurisdiction to issue a writ of mandamus at the instance of the Interstate Commerce Commission against a railroad company to compel it to make a report of the matters and things specified in § 20 of the act of Congress to regulate commerce.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General McReynolds* and *Mr. L. A. Shaver,* Solicitor for the Interstate Commerce Commission, for plaintiffs in error:

Under the act of March 3, 1887, 24 Stat. 552, which defined the jurisdiction of Circuit Courts of the United States, and other similar acts passed prior thereto, a Circuit Court has jurisdiction of an original proceeding seeking relief by mandamus.

While this proposition is undoubtedly out of harmony with the opinions of this court in a number of cases arising under the judiciary act of 1789, 1 Stat. 73, and the act of 1875, 18 Stat. 470, the question has not been directly passed upon by this court in any case arising since the act of March 3, 1887 defined the jurisdiction of United States courts. That act repealed all laws and parts of laws in conflict with its provisions. *McIntire* v. *Wood,* 7 Cranch, 504; *McClung* v. *Silliman,* 6 Wheat. 598; *Bath County* v. *Amy,* 13 Wall. 245; *Graham* v. *Norton,* 15 Wall. 427; *County of Greene* v. *Daniel,* 102 U. S. 187, 195; *United States* v. *Schurz,* 102 U. S. 378, 393; *Davenport* v. *County of Dodge,* 105 U. S. 237; *Louisiana* v. *Jumel,* 107 U. S. 711, 727; *Smith* v. *Bourbon County,* 127 U. S. 105, 112; High on Ex. Leg. Rem. § 589; *Mystic Milling Co.* v. *Chicago, M. & St. P. Railway Co. et al.,* 132 Fed. Rep. 289.

As to the reasons why the courts should have jurisdiction to issue mandamus see dissent of Bradley, J., in *Rosenbaum* v. *Bauer,* 120 U. S. 459.

This court should not be bound by the decisions prior to the act of 1887 but should hold that under that act the Circuit Court has authority to entertain any proceeding seeking remedy by mandamus. *Hartman* v. *Greenhow,* 102 U. S. 672; *Ames* v. *Kansas,* 111 U. S. 449, 459.

Congress has power to authorize a Circuit Court to issue a mandamus in an original proceeding. *Kendall* v. *United States,* 12 Peters, 522, 617; *United States* v. *Schurz,* 102 U. S. 378; Merrill on Mandamus, § 217; High on Ex. Leg. Rem. § 589.

If no other statute conferred upon a Circuit Court jurisdiction of an original proceeding for a mandamus such jurisdiction was given in cases where the writ is necessary to enforce orders of the Interstate Commerce Commission by the act to regulate commerce, approved February 4, 1887, and the amendments thereto. See § 20 and § 12 as amended March 2, 1889, and February 10, 1891.

Mandamus is the only adequate remedy known to the law by which a common carrier can be forced to report. Common carriers have assumed public functions and the duties imposed upon them by statute may properly be enforced by mandamus. Merrill on Mandamus, § 1325; *Mobile and Ohio R. R. Co.* v. *Wisdom,* 5 Heiskell (Tenn.), 125.

The purpose of the act to secure Federal supervision of interstate commerce can only be made reasonably effective by resort to Federal courts, and Congress did not intend the Commission to rely upon state courts to secure enforcement of its orders if, indeed, such courts have power to entertain applications therefor.

As to whether the criminal prosecutions provided for by the act were intended to secure compliance with those sections wherein no specific remedy was given it is well settled that a remedy by mandamus is not defeated by the existence of a punitive statute. Merrill on Mandamus, § 53; High Ex. Leg. Rem. §§ 18, 20. The purpose of Congress was to secure proper information for the use of the Commission and the public. The effective way of carrying out such purpose is not by means of a criminal prosecution. Mandamus is the only instrumentality which can be safely relied upon to produce the desired result.

In nearly all original proceedings seeking writs of mandamus to compel carriers to file annual reports presented to the Federal courts in the year 1897 the carriers complied with the orders before they were heard and the suits were dismissed. *I. C. C.* v. *Chicago, K. & S. R. R. Co.,* 81 Fed. Rep. 783; *I. C. C.* v. *Seaboard Ry. Co.,* 82 Fed. Rep. 563, 566; *S. C.,* 85

Fed. Rep. 955. In none of the cases so instituted was the jurisdiction of the court to entertain the proceeding called in question.

*Mr. George C. Greene* for defendant in error:

A Circuit Court of the United States has no jurisdiction, under the general statute defining its jurisdiction, to issue a writ of mandamus as an original proceeding, nor at all except when necessary to the exercise of its jurisdiction. Rev. Stat. § 716; *McIntire* v. *Wood*, 7 Cranch, 504; *Bath Co.* v. *Avery*, 13 Wall. 244; *United States* v. *Kendall*, 12 Peters, 608.

Jurisdiction has not been conferred upon the Circuit Court by the act to regulate commerce to issue the writ of mandamus applied for in this case.

The method of procurement of information by the Commission is clearly defined in § 12 and it confers no authority upon the Commission to require or compel a carrier to expend its time, labor and money in preparing and laying before the Commission reports, statements, tables or computations upon subjects upon which the Commission may deem it necessary to have information. Under that section it may only obtain such information by examination of witnesses and inspection of books and documents or depositions taken as is provided in that section.

Section 12 confers no jurisdiction upon any court. It merely declares the duty of district attorneys. It requires them to institute in the proper court all necessary proceedings for the enforcement of the act. The "necessary proceedings" intended were such proceedings as were authorized and in accordance with existing law, and they were to be instituted in the proper courts; *i. e.*, courts having jurisdiction to entertain them. Section 16 of the act has no application to this case.

This case is not an application to the Circuit Court sitting in equity. Nor is it an application by the Commission or person interested in the order. It is a suit at law in which the United States is party plaintiff.

Section 1 of judiciary act of 1887, amends § 1 of the act of 1875, by changing the amount of the sum in dispute from $500 to $2,000, but in no respect changes the law as to the questions here involved. So that, what was the law under the act of 1875, as declared by this court in *Rosenbaum* v. *Bauer*, 120 U. S. 450, is the law today. And see *Indiana* v. *L. E. & W. Ry. Co.*, 85 Fed. Rep. 3; *Fuller* v. *Aylesworth*, 75 Fed. Rep. 694, 699; *Riggs* v. *Johnson County*, 6 Wall. 166.

That Congress did not understand that it had conferred jurisdiction generally upon the Circuit Courts to issue writs of mandamus is shown by its enactments specially authorizing them to do so in certain specified cases. See § 3, act of January 7, 1888, and amending act of March 2, 1889.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Petition for mandamus filed in the Circuit Court of the United States for the Northern District of Ohio by the Interstate Commerce Commissioners against the Lake Shore and Michigan Southern Railway Company. The railway company moved to dismiss the petition on the ground that the court had no original jurisdiction to issue a writ of mandamus. The motion was granted and the writ dismissed. A certificate was duly made showing that a question of jurisdiction was in issue, and recites that the court acted not only on the motion of the railroad but on its own motion in dismissing the petition for want of jurisdiction.

The petition alleges that the railroad company is a corporation created by the laws of the States of New York, Pennsylvania, Ohio, Michigan, Indiana and Illinois, and has its principal place of business in the State of Ohio, and is a common carrier engaged in interstate commerce, and as such is subject to the provisions of the act of Congress to regulate commerce.

That under section 20 of said act the Interstate Commerce Commission is authorized to require any common carrier subject to the act to make reports of certain matters and things,

and in pursuance thereof the Commission made an order on the third of June, 1903, prescribing the manner and form in which said reports should be made and the contents thereof, and directed each common carrier to file the same on or before the fifteenth. A copy of the order was served on the railroad company, but the company failed and neglected to make out and return a report in full, in that it failed to set forth in the report made and returned by it the data or information called for, namely, "the tonnage, ton-mileage, earnings and receipts per ton per mile on grain, hay, cotton, live stock, dressed meats, anthracite coal, bituminous coal, and lumber carried in carload lots; and that said data or information required by the Commission to be given in said report by respondent is necessary to enable the Commission to perform the duties and carry out the objects for which it was created, in the interest of the public, and that promptness by carriers in furnishing the same on or before the fifteenth day of September of each year, as required by the Commission, is essential for the purpose, among others, of enabling the Commission to make a full and complete annual report to Congress, which, by section 21 of said act to regulate commerce, is required to be transmitted to said body on or before December 1 of each year."

It is also alleged that there is no adequate remedy except that afforded by mandamus.

It is admitted that under the judiciary act of 1789, 1 Stat. 73, and the act of 1875, as construed by this court, a Circuit Court of the United States has no jurisdiction of an original proceeding seeking relief by mandamus. And counsel, not to minimize the admission, quotes the cases in which that has been laid down and the text books which have expressed the doctrine as settled. But, it is suggested, that under the act of 1887, 24 Stat. 552, a different ruling should be made. No change in language is pointed out which would justify such change in ruling, but we are urged to that radical course in view of the modern development of proceedings by mandamus, and the very great importance of the remedy thereby. We

are not impressed by the invocation. We are unable to understand how language conferring jurisdiction on a court can take a new meaning from the circumstances suggested. Difference in remedies is conspicuous in our jurisprudence, and some remedies are of that nature that they can be enforced only under exceptional circumstances and under special grants of power. Of this kind is mandamus, and if Congress had intended by the act of 1887 to confer power on the Circuit Courts to issue mandamus in an original proceeding Congress would not have employed the language which had been construed from the foundation of the Government not to give such jurisdiction. We adhere, therefore, to the prior cases.

2. Congress has undoubtedly power to authorize a Circuit Court to issue a mandamus in an original proceeding. *Kendall v. United States*, 12 Pet. 524; *United States v. Schurz*, 102 U. S. 378. But has Congress done so, as contended, by sections 12 and 20 of the Interstate Commerce Act as amended? Under section 12 the Commission is given the authority to inquire into the management of the business of common carriers subject to the act, and have the right to obtain from the carriers full and complete information to enable it to perform its duties. It is also authorized to enforce the provisions of the act. By section 20 the Commission may require annual reports and fix the time and prescribe the manner in which such reports shall be made. And it is made the duty of any district attorney of the United States, to whom the Commission may apply, to institute in the proper court and to prosecute under the direction of the Attorney General all necessary proceedings for the enforcement of the provisions of this act. It is hence contended that the power of the Commission to require the report stated in the petition is undoubted, and having power to order the report to be made the Commission has the power to enforce obedience to the order.

But in what way? Manifestly only in such way as the courts have jurisdiction to give. All powers are given in view of that jurisdiction, and the amendments of the Interstate Commerce

Act are so framed.   Jurisdiction to issue mandamus is conferred by section 6, to enforce the filing or publishing by a common carrier of its schedules or tariffs of rates, fares and charges. And such jurisdiction is also given to the Circuit Courts and District Courts upon the relation of any person or persons, firm or corporation, alleging a violation of any of the provisions of the act which prevents the relator from having interstate traffic moved on terms as favorable as any other shipper.   The remedy is expressly made cumulative of the other remedies provided by the act.   It is clear, therefore, when Congress intended to give the power to issue mandamus it expressed that intention explicitly.   Such power cannot be inferred from the grant of authority to the Commission to enforce the act or from the direction to district attorneys or the Attorney General to institute "all necessary proceedings for the enforcement of the provisions" of the act (section 12).   The proceedings meant are, as we have said, those within the jurisdiction of the court.   And special remedies are given.   For instance, by section 16 a summary proceeding in equity is authorized, and the form of the ultimate order of the court may be that of a "writ of injunction or other proper process, mandatory or otherwise."

Without attempting now to define the extent of that section, we may say, it seems adequate to enable the Commission to enforce any order it is authorized to make.

*Judgment affirmed.*

Mr. Justice Harlan dissented.