## STATE ex rel. CLARK, Atty. Gen., v. WHITE RIVER VALLEY RY. CO. et al.

The court will take judicial notice that the Missouri river at Chamberlain, S. D., where crossed by a railroad bridge authorized by Act Cong. Feb. 9, 1905, c. 565, 33 Stat. 711, is regarded as a navigable stream subject to control of Congress; that, prior to the construction of the bridge, Congress assumed control of all navigable rivers in the United States, and has by Act March 3, 1899, c. 425, § 9, 30 Stat. 1151 (U. S. Comp. St. 1901, p. 3540), made it unlawful to construct a bridge across a navigable river without consent of Congress and approval of the plans approved by the chief of engineers and Secretary of War and unlawful to deviate from the plans so approved without consent of such officers, and must presume that the bridge was constructed according to plans approved as required.

An original application in the state Supreme Court for a writ of mandamus to compel railroad companies owning and operating such bridge to replace it with another bridge acording to plans and specifications to be approved by the court, is a case "arising under the laws of the United States," within Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), giving the United States Circuit Court jurisdiction of such cases.

Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 434 (U. S. Comp. St. 1901, p. 509), provides that any civil suit arising under the laws of the United States of which the Circuit Courts of the United States are given original jurisdiction, which may therafter be brought in the state court, may be removed to the Circuit Court of the

United States for the proper district. Held that, inasmuch as the preceding section (Act Cong. March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]), does not give the Circuit Court power to issue a writ of mandamus as an original proceeding, an original proceeding in the state Supreme Court for mandamus, though arising under the laws of the United States, is not removable to the United States Circuit Court; the proper procedure in case of a decision adverse to the rights claimed by defendants under the federal statute being by writ of error from the United States Supreme Court, under Rev. St. § 709 (U. S. Comp. St. 1901, p. 575).

Opinion filed February 15, 1911.)

Mandamus by the State, on relation of Samuel W. Clark, Attorney General, against the White River Valley Railway Company and another. On motion that the court accept a petition and bond for removal of the proceeding to the federal court and proceed no further in the matter. Motion denied.

*P. W. Dougherty, Sp. Asst. Atty. Gen.,* for plaintiff. *Elliott & Stilwell,* for defendants.

HANEY, J. This is an original application by the state on the relation of its Attorney General, upon due notice, for a peremptory writ of mandamus commanding the defendants to construct, according to plans and specifications to be approved by this court, a steel bridge across the Missouri river at or near the city of Chamberlain, in this state, to replace the temporary pile bridge now in use at that point. In due time, having filed a petition and bond for the removal of the proceeding to the United States Circuit Court within and for the district of South Dakota, the defendants moved this court to accept such petition and bond and to proceed no further in the matter.

It appeals from the application that the defendant White River Valley Railway Company is a corporation created by and existing under the laws of this state, for the purpose of constructing, maintaining, and operating a steam railway from the city of Deadwood in Lawrence county through the counties of Meade, Pennington, Stanley, Lyman and Brule to the east bank of the Missouri river in the county of Brule, all in this state; that such corporation constructed a line of railroad from Chamberlain, in Brule county, to Rapid City in Pennington county, including a pile bridge across

the Missouri at or near the city of Chamberlain; that the defendant Chicago, Milwaukee & St. Paul Railway Company is a corporation created by and existing under the laws of Wisconsin; that it is a common carrier engaged in the transportation of persons and property by railroad in this state; that it owns and operates several thousand miles of railroad in the states of Wisconsin, Illinois, Iowa, Minnesota, Missouri, Michigan, North Dakota, and South Dakota; that since its construction the Wisconsin corporation has operated the entire line constructed by the South Dakota corporation, including the pile bridge at Chamberlain, as a part of its system or lines of railway, which it maintains and operates in and through the states mentioned, and is the owner of all the capital stock of the South Dakota corporation; that the pile bridge across the Missouri river at Chamberlain, so constructed and operated, is, by reason of its construction and the nature of the river, inconvenient and unsafe for the purposes for which it was constructed and is being used; that portions of such bridge have been several times carried away by floods and floating ice, causing vexatious delays in the transportation of persons and property; that portions of the same might be thus swept down the stream at a time when a train was crossing and thus destroy or endanger the lives of numerous passengers; that, though the board of railroad commissioners and citizens residing along the line of railway from Chamberlain to Rapid City have demanded the construction of a safe and suitable bridge, the defendants have failed to comply with such demand; that a great public necessity exists for the construction of a safe and suitable bridge at the point mentioned; and that the plaintiff has no plain, speedy, and adequate remedy in the ordinary course of law.

This court will take judicial notice that the Missouri river, where it is crossed by the bridge involved in this proceeding, is regarded as a navigable stream subject to the control of the Congress of the United States; that prior to the construction of such bridge Congress had assumed control of all the navigable rivers within the United States, declaring that it shall be unlawful to construct any bridge across any navigable river until

the consent of Congress shall have been obtained and the plans for the same submitted to and approved by the chief of engineers and the Secretary of War, and that it shall be unlawful to deviate from the plans so approved, either before or after the completion of the structure, unless the modification of such plans has been previously submitted to and received the approval of the chief of engineers and of the Secretary of War (Act March 3, 1899, c. 425, § 9, 30 Stat. 1151 [U. S. Comp. St. 1901, p. 3540]); that the bridge now in use was authorized by an act of Congress; and it must presume that such bridge was constructed according to plans approved by the Secretary of War. Clearly, then, the case presented by the application is one arising under the laws of the United States within the meaning of the statute defining the jurisdiction of its Circuit Courts. Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507); Railroad Co. v. Mississippi, 102 U. S. 135, 26 L. Ed. 96; Miller v. Mayor of N. Y., 109 U. S. 385, 3 Sup. Ct. 228; Cummings v. Chicago, 188 U. S. 410, 23 Sup. Ct. 472.

An act of Congress regulating the construction of bridges over navigable rivers, approved March 23, 1906, provides that the removal of any such structure erected or maintained in violation of the proisions of that act or the order or direction of the Secretary of War or chief of engineers made in pursuance thereof "may be enforced by injunction, mandamus, or other summary process upon application to the circuit court in the district in which such structure may in whole or in part exist." Act March 23, 1906, c. 1130, § 5, 34 Stat. 85 (U. S. Comp. St. Supp. 1909, p. 13555). But as this act, by its terms, relates only to bridges, the construction of which was authorized since its enactment, it has no application to this proceeding, the bridge in this case having been authorized by an act of Congress approved February 9, 1905 (Act Feb. 9, 1905, c. 565, 33 Stat. 711). So the ruling on the pending motion must be governed by the general statutes relating to the removal of suits into the United States courts. As far as pertinent to the present discussion such statutes provide: (1) "That any suit of a civil nature, at law or in equity, arising

under the Constitution or laws of the United States, * * * of which the circuit courts of the United States are given original jurisdiction by the preceding section, * * * which may here after be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district." (2) "Any other suit of a civil nature, ·at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and * * * which may hereafter be brought, in any state court, may be removed into the circuit court of the proper district by the defendant or defendants therein, being nonresidents of that state." 25 Stat. 434. Each of these clauses contain an important limitation. In the first, the "suit" must be one "of which the Circuit Courts of the United States are given original jurisdiction by the preceding section," meaning section 1 of the act of March 3, 1875, as subsequently amended. In the second, the language of the limitation is the same except that the word "original" is omitted. The Supreme Court of the United States has repeatedly decided that the Circuit Courts of the United States are without power to issue the writ of mandamus as an original proceeding. Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633; Louisiana v. Jumel, 107 U. S. 711, 2 Sup. Ct. 128; Davenport v. Dodge County, 105, U. S. 237; Greene County v. Daniel, 102 U. S. 187; United States v. Lake Shore & M. S. R. Co., 197 U. S. 536; Covington & Cincinnati Bridge Co. v. Hagar, 203 U. S. 109, 27 Sup. Ct. 24. In the last-mentioned case the court said: "We deem it settled beyond controversy, until Congress shall otherwise provide, that circuit courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States." In Rosenbaum v. Bauer, supra, it was directly decided that the Circuit Court of the United States cannot acquire jurisdiction by removal from a state court, under section 2 of the act of March 3, 1875 (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]), of an original

proceeding to obtain a mandamus against the treasurer or the board of supervisors of a city to compel them to take action in accordance with the statute of the state to pay interest or principal of bonds issued by the city, for the reason that the federal court is without jurisdiction to entertain such a proceeding. That was a case where removal was sought on the ground of diverse citizenship. But the limitation is even more definite and certain with respect to cases arising under the laws of the United States. All such suits are not removable; only those of which the United States Circuit Courts are given original jurisdiction by section 1 of the act of March 3, 1875. Railroad Co. v. Mississippi, supra, was a case strikingly analogous to the one at bar, but the question of jurisdiction was neither considered nor decided therein. In view of the plain and unambiguous language of the federal statute, attention not having been called to any decision of the Supreme Court of the United States modifying the judgment of that distinguished tribunal in Rosenbaum v. Bauer, there appears to be no escape from the conclusion that the filing of the petition and bond did not operate to remove the pending proceeding and that it is the duty of this court to proceed in the matter as it shall be hereafter advised. The only question determined is one of procedure. If the decision of this court shall be against the rights claimed by the defendants under the federal statutes, such decision may be re-examined and reversed or modified by the Supreme Court of the United States upon a writ of error. Rev. St. § 709 (U. S. Com. St. 1901, p. 575). Believing such to be the procedure applicable to this proceeding, defendants' motion will be denied, and such further orders entered as shall be proper in the premises.