### CREAGER et al. v. BRYAN, County Judge, et al.

(District Court, S. D. Texas, at Houston.   October 23, 1922.)

#### No. 197.

**Courts ⬷265—Federal District Court without jurisdiction to compel, by an injunction in nature of a writ of mandamus, candidate's name to be placed on state ballot.**

In suit in federal District Court by state chairman and executive committee of a political party and P., nominee of such party for United States Senator, against state election officials, state secretary of state, and nominee of opposing party for United States Senator, to compel the secretary of state and the election officers to place P.'s name on the official ballot to be voted at the general election for United States Senator from the state, in which the bill contained a prayer for a temporary injunction restraining the secretary of state and other election officers from printing or having printed such official ballot, unless P.'s name was placed thereon, *held*, that the preliminary injunction would be denied on the ground that the court was without jurisdiction to grant such relief, as being in effect the issuance of a writ of mandamus.

In Equity.   Action by R. B. Creager, chairman of the Republican Party in Texas, and the executive committee of said party, and George E. B. Peddy, the Republican nominee of said party for United States Senator from Texas, against Chester H. Bryan, county judge of Harris county, Tex., and a member of the election board of said county, and the members of each of the election boards in each county of the state of Texas, and against S. L. Staples, secretary of state of the state of Texas, and Earle B. Mayfield, whom it is alleged claims to be the nominee of the Democratic Party in Texas for United States Senator from Texas, to compel the secretary of state and said election officers to place the name of George E. B. Peddy upon the official ballot to be voted at the general election in November, 1922, for the position of United States Senator from Texas. The bill contained a prayer for a temporary injunction restraining the secretary of state and other election officers from printing or having printed such official ballot, unless the name of said George E. B. Peddy is

---

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

placed thereon, and to preserve their rights in the premises, pending hearing of this cause. Preliminary injunction denied.

T. M. Kennerly and W. G. Love, both of Houston, Tex., and W. D. Gordon, of Beaumont, Tex., for complainants.

W. A. Keeling, Atty. Gen. of Texas, and L. C. Sutton, Asst. Atty. Gen. of Texas, for Staples, Secretary of State of Texas and other election officers.

Before WALKER, Circuit Judge, and CLAYTON and ERVIN, District Judges.

PER CURIAM. This cause coming on to be heard on the application of the complainants therein for the issuance of a preliminary injunction pursuant to the prayer of the bill, upon consideration, the court being of opinion that it is without jurisdiction to grant the relief prayed for, which is in effect the issuance of a writ of mandamus (Knapp v. Lake Shore Ry. Co., 197 U. S. 536, 25 Sup. Ct. 538, 49 L. Ed. 870; Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743), the application for the preliminary relief sought is denied.

Because of the above-stated conclusion, it is deemed unnecessary to pass upon other considerations advanced in behalf of the defendants against the granting of the relief sought.