### STEVENSON v. HOLSTEIN–FRIESIAN ASS'N OF AMERICA.

Circuit Court of Appeals, Second Circuit. February 4, 1929.

No. 171.

Greenleaf S. Van Gorder, of Buffalo, N. Y., for appellant.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y. (O. U. Kellogg, of Cortland, N. Y., and Louis L. Babcock, of Buffalo, N. Y., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. █ Concededly a District Court has no original jurisdiction to issue a writ of mandamus. Knapp v. Lake Shore & M. S. R. Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870; Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111. The theory upon which the bill was dismissed was that the relief demanded was in effect the issuance of such a writ, and that the substitution of a remedy by injunction for a remedy by mandamus is no more permissible in the federal courts than in the state courts. Such authorities as have been discovered tend to support this conclusion. See Smith v. Bourbon County, 127 U. S. 105, 8 S. Ct. 1043, 32 L. Ed. 73; Warner Valley Stock Co. v. Smith, 165 U. S. 28, 33, 17 S. Ct. 225, 41 L. Ed. 621; Fineran v. Bailey (C. C. A. 5) 2 F.(2d) 363; Whitaker & Ray Co. v. Roberts (C. C.) 155 F. 882, 887; Creager v. Bryan (D. C.) 287 F. 362; Herkness v. Irion (D. C.) 11 F.(2d) 386; People v. New York Benevolent Society, 3 Hun, 361; Bachman v. Harrington, 184 N. Y. 458, 77 N. E. 657; cf. Wilson v. Bowers (D. C.) 14 F.(2d) 976. But we do not find it necessary definitely to decide the point because, even if its truth be assumed, it would not justify the dismissal of the suit.

█ The relief prayed for included a claim for damages alleged to have been suffered, in more than the necessary jurisdictional amount, by reason of plaintiff's expulsion from membership in the defendant corporation. If the bill of complaint alleges a cause of action for a wrongful expulsion, we do not see why it should not be transferred to the law side, to be tried as an action for damages, even though there were no jurisdiction to give equitable relief. Judicial Code, § 274a (38 Stat. 956; 28 USCA § 397); Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 243, 43 S. Ct. 118, 67 L. Ed. 232. Hence we have examined the bill of complaint, and we rest our affirmance upon the ground that it states no cause of action.

█ The recitals of the bill are lengthy, but the facts essential to a decision may be stated quite briefly. The defendant association is a New York corporation, created by chapter 333 of the Laws of 1885, and reincorporated in 1914 pursuant to the Membership Corporation Law of the state (Laws 1909, c. 40 [Consol. Laws, c. 35]), section 8 of which specifies that the by-laws may make provision for the suspension and expulsion of members. The constitution and by-laws of the defendant contain provisions relating to expulsion; the provision of the by-laws being as follows:

"Any member of this association who violates the constitution, by-laws, rules of advanced registry, or other rules or regulations of the association, or who shall deceive or wrong the corporation or a member thereof, or other person, or who shall so conduct himself as to make his association undesirable * * * shall be censured, suspended, or expelled by the board of directors, or by the executive committee thereof, after notice and a hearing as hereinafter provided. * *. * "

The plaintiff, a citizen of Pennsylvania and the owner of a valuable herd of pure-bred hornless Holstein-Friesian cattle, became a member of the defendant association in 1912, and so remained until his expulsion by its executive committee in October, 1927. Notice was given to him about May 23, 1927, that charges had been preferred against him, and that a hearing thereon would be held by the executive committee at Springfield, Mass., on May 30th. A copy of the charges accompanied this notice. The plaintiff protested by letter that he needed at least 90 days to prepare for the hearing, and it was adjourned to October 20th at Memphis, Tenn. By affidavit dated October 17, 1927, he replied to the charges and protested against the place of the hearing, contending that it should be held either in Pennsylvania, or at the principal office of the defendant in Buffalo, N. Y. At the hearing, which he did not attend in person or by counsel, the committee took evidence, found that the charges were true, and that plaintiff "has so conducted himself as to make his membership in said association undesirable," and rendered its decision of expulsion. He was thereupon notified of this action and of his right to appeal to the board of directors at its meeting on December 5, 1927, in Chicago, Ill. He took such an appeal and submitted a written statement to the board, but he refused to appear in person or by attorney. The board reviewed the evidence and proceedings of the executive committee and affirmed its decision.

The charges upon which the decision of expulsion were predicated are too lengthy to set out in detail. The substance of them is that plaintiff, with other members, had in the years 1924 and 1925 instituted three successive suits against the association seeking substantially the same relief, namely, to have declared invalid the election of directors and other corporate action voted at meetings of the association and its directors held outside the state of New York; that all of said suits had been decided adversely to plaintiff's contentions by every court which had passed upon them, two of the suits having been carried to the Appellate Division (219 App. Div. 769, 219 N. Y. S. 913, 922); that some of the litigation had been instituted after the Court of Appeals had settled the same issues in a suit against defendant brought by other members, known as Matter of George v. Holstein-Friesian Ass'n, 238 N. Y. 513, 144 N. E. 776; that in said proceedings plaintiff had made false and unfounded charges, and shown a disposition to subject the association to vexatious and expensive litigation; that he had joined a rival organization, had inspired other persons who were attempting to injure the association and to impugn its motives and the integrity of its officers, and had so conducted himself as to make continuance of his membership undesirable. In his written reply to such charges the plaintiff protested that in participating in litigation against the association he was simply exercising the legal privilege of a member to endeavor to curb extravagance and illegality in the administration of its affairs; that he had never made false and unfounded statements, or sought to inspire others to injure the association, or to impugn the integrity of its officers; and that no by-law or rule of the association forbade him to join a rival organization, or justified a forfeiture of his rights of membership in the defendant. Upon the issues thus formed the executive committee took evidence, and, as already stated, found that the charges were true.

■ Where an association sets up a private tribunal to determine whether a member has forfeited his rights of membership by the violation of some rule of the corporation, judicial review is of limited scope. In general, it may be said that courts will interfere to keep such a tribunal within its jurisdiction, as prescribed by the rules of the association, and will inquire whether the action taken was in bad faith, or in violation of the laws of the land, but will not investigate the merits of the tribunal's decision. See Richards v. Morison, 229 Mass. 458, 118 N. E. 868; Lewis v. Wilson, 121 N. Y. 284, 24 N. E. 474; Haebler v. N. Y. Produce Exchange, 149 N. Y. 414, 44 N. E. 87; Pitcher v. Board of Trade, 121 Ill. 412, 13 N. E. 187; Commonwealth v. Union League, 135 Pa. 301, 19 A. 1030, 8 L. R. A. 195, 20 Am. St. Rep. 870; Dawkins v. Antrobus, L. R. 17 Ch. D. 615; and numerous authorities cited in 37 Yale L. J. 368.

■ There is nothing in the complaint to indicate that the executive committee exceeded its jurisdiction, or deprived plaintiff of a fair hearing on the charges preferred against him. His request for a continuance in order that he might have time to prepare his defense was granted. The executive committee, it is true, met at Memphis, nearly 1,000 miles from his residence, and the directors met at Chicago, and the bill alleges that the setting of the hearings at

these cities was calculated and intended to make his attendance so expensive as to prevent it; but there is no allegation that the expense did prevent his attendance. On the contrary, his protest against the place of the hearing was based upon the assertion of a legal right to be tried either in the state of his residence or the state of the domicile of the association. Nothing is asserted to show the existence of such a right. Apparently the by-laws are silent as to the place of the hearing. It has been definitely decided that meetings of the association and its board of directors may legally be held without the state of New York. Matter of George v. Holstein-Friesian Ass'n, supra. We see no reason why the hearing of charges may not legally be held wherever the directors may legally meet, at least, in the absence of a showing that the place selected did in fact, because of the expense of reaching it or other good cause, preclude the member under charges from attending. Therefore the place, as well as the time, of the hearing did not infringe plaintiff's right to a fair opportunity to meet the charges.

It is further alleged that the plaintiff had in no wise violated the constitution and by-laws of the defendant. But this general allegation is no more than plaintiff's conclusion that the charges are not sustainable. The corporate tribunal, to whose jurisdiction he assented in joining the association, has decided adversely to this contention, and its decision he must accept, unless he can show that it was not made bona fide, or that the rule enforced against him is contrary to some rule of law. He argues that to interpret the rule providing for the expulsion of undesirable members to permit the exclusion of one who has in good faith participated in litigation against the association in order to curb its extravagance and to secure the legal election of officers, renders the rule invalid. Such a principle need not be denied. The charges go much further, and in effect charge the fomenting of groundless litigation, with a purpose to cause the association trouble and expense. Whether in fact the plaintiff was guilty of such conduct is not before us. If the executive committee in good faith found such charges true, we cannot say that its decision that he was an undesirable member is so arbitrary or unreasonable as not to be within the power of expulsion conferred by the by-law. There is no allegation that the corporate tribunal acted in bad faith in making its decision. The only allegation implying bad faith is the allegation that defendant's officers conspired to hold the hearing at a place at which plaintiff could not attend without serious expense. That is a different matter, which has already been discussed.

For the foregoing reasons, the bill of complaint stated no cause of action, and the order of dismissal is affirmed on that ground.