### AMCHANITZKY v. SINNOTT.
### No. 223.

Circuit Court of Appeals, Second Circuit.
Feb. 5, 1934.

Nathan Amchanitzky, of Brooklyn, N. Y., pro se.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and MACK, Circuit Judges.

PER CURIAM.

The defendant's motion to dismiss was grounded on (1) lack of jurisdiction, and (2) failure of the petition to state a cause of action. The District Court granted the motion upon the second ground without passing upon the former. 3 F. Supp. 993. It should have based dismissal upon lack of jurisdiction. The rule that District Courts of the United States have no jurisdiction in original cases of mandamus is too firmly established to require us to consider its origin or whether the point might, or should, have been decided otherwise. Knapp v. Lake Shore & M. S. Ry. Co., 197 U. S. 536, 25 S. Ct. 538, 49 L. Ed. 870; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 110, 27 S. Ct. 24, 51 L. Ed. 111. The appellant would have us differentiate these authorities because in them the defendant was not, as here, a federal officer. See Waldo v. Poe, 14 F.(2d) 749, 750 (D. C. W. D. Wash.). But the Supreme Court opinions do not permit us to take this distinction. Upon this controlling authority, the judgment must be reversed, and the cause remanded, with directions to dismiss for lack of jurisdiction. It is so ordered.