### BALLF v. KRANZ.
No. 7963.

Circuit Court of Appeals, Ninth Circuit.
March 2, 1936.

**316**

Harry A. Ballf, of San Francisco, Cal., in pro. per.

H. H. McPike, U. S. Atty., and Dorothy Manners Williams, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Harold P. Ballf, of San Francisco, Cal., amicus curiæ.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is an appeal from an order dismissing for want of jurisdiction a petition for a writ of mandamus.

The petition alleges that on and prior to September 11, 1934, appellant was employed as a clerk in the district office of the United States civil service commission at San Francisco, Cal., of which office appellee is the district manager; that appellant was also a member of the Officers' Reserve Corps, United States Army; that on September 5, 1934, he was ordered to active military duty for the period from September 13, 1934, to December 18, 1934; that, upon issuance of said order, appellant applied to appellee and, through him, to the civil service commission for leave of absence, without pay, for the purpose of complying with said military order; that appellee and the commission denied said application; that appellee thereafter demanded appellant's resignation; and that on September 11, 1934, appellant was "compelled" to submit, and did submit, his resignation, under protest. What the compulsion consisted of is not stated.

The petition further alleges that, after resigning his position in the district office of the civil service commission, appellant complied with said military order and, at the expiration of said period of military service, requested restoration to his position in said district office; that appellant was and is entitled to such restoration by virtue of the Act of May 12, 1917, c. 12, 40 Stat. 72, 10 U.S.C.A. § 371, but that appellee has refused to restore appellant to said position; and that the commission has sustained appellee in said refusal.

The prayer of the petition is for a writ of mandamus, compelling appellee to restore appellant to his position in the district office of the civil service commission, effective December 19, 1934, and to pay appellant the salary of said position from said last-mentioned date, and for costs. No other relief is sought.

This, clearly, is an original proceeding in mandamus. Of such proceedings the District Courts of the United States have no jurisdiction. They have power to issue writs of mandamus in aid of their jurisdiction only, in cases already pending, wherein jurisdiction has been acquired by other means and by other process. Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 110, 27 S.Ct. 24, 51 L.Ed. 111; Knapp v. Lake Shore & Michigan Southern R. Co., 197 U.S. 536, 541, 25 S.Ct. 538, 49 L.Ed. 870; Bath County v. Amy, 13 Wall. 244, 247, 20 L.Ed. 539; McIntire v. Wood, 7 Cranch, 504, 505, 3 L.Ed. 420; Barber v. Hetfield (C.C.A.9) 4 F.(2d) 245; Fox v. Pasadena (C.C.A.9) 78 F.(2d) 948, 950. This is not such a case. Appellant's petition was properly dismissed.

Order affirmed.