**CURRAN v. HIGGISTON et al.**

No. 4437.

District Court, D. Massachusetts.

April 29, 1937.

Henry D. Barbadoro, of Milford, Mass., for plaintiff.

William A. Murray, of Boston, Mass., for defendant Higgiston.

Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., of Boston, Mass., for defendant Allen J. Cooke.

BREWSTER, District Judge.

This suit in equity is brought by the plaintiff, who alleges in his amended bill of complaint that he is the duly appointed and qualified Postmaster for the town of Milford, Mass. He seeks, in these proceedings, injunctions restraining the defendant Cooke as Acting Postmaster and the defendant Higgiston, subsequently appointed Postmaster, from interfering with the plaintiff in the assumption and performance of the duties of his office as Postmaster for the town of Milford. He also prays for an injunction restraining the defendant Cooke from turning the office over to the defendant Higgiston, and further prays for a mandatory injunction compelling Cooke to turn the office over to him. Defendants have filed motions to dismiss on several grounds, presently to be considered.

■■ So far as the prayer of the amended bill calls for an order requiring Cooke to turn over the office to the plaintiff, I accept as valid the contention of the defendants that the prayer might well be treated as a petition for mandamus to compel the restoration to him of an office to which the plaintiff lays claim. That this court has no jurisdiction to issue writs of mandamus in original proceedings is well settled. Appalachian Electric Power Co. v. Smith (C.C.A.) 67 F.(2d) 451; Ballf v. Kranz (C.C.A.) 82 F.(2d) 315.

■ But it would not follow that this court could not take jurisdiction to restrain individuals from unauthorized acts, prejudicial to the rights of the plaintiff, if other jurisdictional prerequisites were present.

The first of these requirements is that the plaintiff shall have no plain, adequate, or complete remedy at law (28 U.S.C.A. § 384).

■ The generally accepted method of testing the right of a federal official to hold office is to sue at law in the Court of Claims for salary. Such a remedy is plain, adequate, and complete. Myers v. United States, 272 U.S. 52, 178, 47 S.Ct. 21, 46, 71 L.Ed. 160; Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611.

■ A more fundamental objection, however, is urged by the defendants. It is that the allegations of the bill do not make out a case for equitable relief. Briefly, the plaintiff in his bill alleges that he was eligible for appointment as Postmaster; that his name was sent to the Senate and the appointment confirmed; that a commission was signed and sent to the Postmaster General but was never delivered to plaintiff; that he qualified by taking the prescribed oath and filing the required bond; that he has been at all times ready, able, and willing to undertake the duties of his office; that subsequently the President sent to the Senate the name of the defendant Higgiston, as Postmaster for the town of Milford, and that this nomination was confirmed.

From these allegations, it is apparent that the refusal, or failure, to deliver the commission together with the later appointment are to be treated as tantamount to a removal from office, assuming that the plaintiff was duly appointed, as alleged. Matter of Hennen, 13 Pet. 230, 260, 10 L.Ed. 138; Blake v. United States, 103 U.S. 227, 237, 26 L.Ed. 462.

■ That the President has power to remove a postmaster at his pleasure is not open to doubt. Matter of Hennen, supra; Myers v. United States, supra.

■ Respecting the other grounds advanced for the motion to dismiss, it is argued that the suit is, in reality, a suit against the United States, inasmuch as it involves control over and disposition of property of the United States and that, therefore, it cannot be maintained without the consent of that government. This ground may well be regarded as tenable in view of the authorities, even though the United States is not named as a party defendant. Stanley v. Schwalby, 147 U.S. 508, 13 S.Ct. 418, 37 L.Ed. 259; State of Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; United States ex rel. Goldberg v. Daniels, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191; Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755.

■ Furthermore, it would seem that if plaintiff had any standing in a court of equity, the Postmaster General would be an indispensable party. Transcontinental & Western Air, Inc., v. Farley (C.C.A.) 71 F.(2d) 288.

If plaintiff's motion to substitute a bill of complaint has not already been allowed, it may be allowed; and treating the motion to dismiss the original bill of complaint as a motion to dismiss the substituted bill, it is granted. A decree may be entered accordingly.