## UNITED STATES ex rel. VASSEL v. DURNING, Collector of Customs.

### No. 98.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1945.

Charles J. Kemins, of New York City, for appellant.

Stanley H. Lowell and John F. X. McGohey, U. S. Atty., both of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment summarily dismissing the complaint in an action for a mandamus to compel the defendant—the Collector of Customs in the Port of New York—"to initiate steps for the reinstatement" of the relator as a customs guard. The defendant moved for summary judgment dismissing the complaint, which the district judge granted after a consideration of the merits. Although the New Rules have abolished the writ of mandamus (Rule 81(b), 28 U.S.C.A. following section 723c), the same relief may be had "by appropriate action or by appropriate motion"; and we disregard the error, which was only one of form. The difficulty goes deeper, for it is abundantly settled, as appears from the decisions cited

in the margin,* that district courts have no jurisdiction to grant such relief except as ancillary to the exercise of some independently conferred jurisdiction. Therefore, whatever may be the relator's grievance, it is not justiciable before the courts, or at least it is not remediable by an order of reinstatement. The judgment was wrong in dismissing the complaint upon the merits; it should have done so for the district court's lack of jurisdiction.

Judgment reversed and complaint dismissed for the district court's lack of jurisdiction.

---

* McIntire v. Wood, 7 Cranch 504, 3 L. Ed. 420; McClung v. Silliman, 6 Wheat. 598, 5 L.Ed. 340; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; Knapp v. Lake Shore & M. S. Railway Co., 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870; Covington & C. Bridge Company v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L. Ed. 111; Stevenson v. Holstein-Friesian Association, 2 Cir., 30 F.2d 625; Amchanitzky v. Sinnott, 2 Cir., 69 F.2d 97; Mille v. McManigal, 2 Cir., 69 F.2d 644; Branham v. Langley, 4 Cir., 139 F.2d 115; Youngblood v. United States, 6 Cir., 141 F.2d 912, 915. The rule is otherwise in the District of Columbia. Kendall v. United States, 12 Pet. 524, 9 L.Ed. 1181.