**PETROWSKI v. NUTT, Commanding Officer, Hickam Field.**

**No. 11221.**

Circuit Court of Appeals, Ninth Circuit.
May 28, 1947.
Rehearing Denied Aug. 19, 1947.

Joseph P. Petrowski, in pro. per.

Ray J. O'Brien, U. S. Atty., and Edward Towse, Asst. U. S. Atty., both of Honolulu, T. H., and Frank J. Hennessy, U. S. Atty., and Robert B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

The material question, decisive of the issue here presented, is whether the United States District Court for the Territory of Hawaii had jurisdiction of the cause, the proceedings being in the nature of an original petition in mandamus. Defendant (appellee) interposed a motion in the lower court to dismiss appellant's complaint, one of the grounds thereof being that the court did not have jurisdiction to entertain the petition, and after hearing on the motion the district court dismissed the complaint. This is an appeal from the judgment of dismissal.

District Courts of the United States have no original jurisdiction to issue writs of mandamus in the absence of constitutional or statutory provisions conferring such

jurisdiction.[1] While it is clear that Congress has the power to confer original jurisdiction in mandamus on district courts,[2] and has done so in certain instances, the statutory delegation in each instance has expressly enumerated and designated the court as being a district court and the writ as being a writ of mandamus. None of these instances of legislative authorization are applicable to the facts of this case.

■ The abolition of the writ of mandamus under the provisions of Rule 81(b) of the Civil Rules for District Courts, 28 U.S.C.A. following section 723c, does not qualify or limit the existing statutory jurisdiction since relief heretofore available by mandamus may nevertheless be obtained by other appropriate practice prescribed in the Rules. See also Notes to the Rules of Civil Procedure, Rule 81(b). Section 262 of the Judicial Code, 28 U.S.C.A. § 377, by its terms confers jurisdiction upon district courts to issue all writs not specifically provided for by statute: "The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

■ The qualification to the jurisdiction thus conferred limits the jurisdiction of district courts to the issuance of such writs which may be necessary to the exercise of their respective jurisdictions and agreeable to the usages and principles of law. Under this section, district courts may issue writs of mandamus when necessary to the exercise of their jurisdiction but not as original writs in any case. In this state of the law, the writ, when issued, would necessarily be auxiliary or ancillary in character and fashioned to preserve the jurisdiction given by other and original processes.[3]

Appellant advances the untenable argument that a rule peculiar to the practice in the district courts of the District of Columbia is applicable to his case. Those courts, in addition to being Federal courts, are also charged with enforcement of the domestic law, and by the Act of 1801, 2 Stat. 103, creating them, they inherited jurisdiction in accordance with the laws of the State of Maryland then existing in the ceded area, which includes jurisdiction to issue writs of mandamus in original proceedings. See 34 Am.Jur., Mandamus, Sec. 18.

■ The complaint in this case was a petition for a writ of mandamus seeking to have appellee restore appellant to his identical Civil Service position from which he claims he has been illegally removed. Since we are of the view that the district court was correct in holding that appellant's action was an original proceeding as to which that court was wholly without jurisdiction, the order and judgment of dismissal was proper and must be affirmed.

Affirmed.

[1] Board of Commissioners of Knox County v. Aspinwall et al., 24 How. 376, 384, 65 U.S. 376, 384, 16 L.Ed. 735; Cudahy Packing Co. v. United States, 7 Cir., 15 F.2d 133, 134; Crites v. Hill, Warden, D.C., 9 F.Supp. 975; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451; Platek v. Aderhold, Warden, 5 Cir., 73 F.2d 173, 175 and cases cited; Hellawell v. Grafeld, D.C., 22 F. Supp. 765, 767; United States v. Rollnick, D.C., 33 F.Supp. 863.

[2] Kendall v. United States, 12 Pet. 524, 617, 37 U.S. 524, 617, 9 L.Ed. 1181; Secretary of Interior v. McGarrahan, 9 Wall. 298, 311, 76 U.S. 298, 311, 19 L.Ed. 579.

[3] See Knapp v. Lake Shore & M. S. R. Co., 197 U.S. 536, 542, 25 S.Ct. 538, 49 L.Ed. 870; Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Southern R. Co. v. Query, D.C., 21 F.2d 333, 338; Amchanitzky v. Sinnott, 2 Cir., 69 F.2d 97; Curran v. Higgiston, D.C., 18 F.Supp. 969, 970; Barber, U. S. Naval Disbursing Officer, v. Hetfield, 9 Cir., 4 F.2d 245. See also Ballf v. Kranz, 9 Cir., 82 F.2d 315, certiorari denied 299 U.S. 549, 57 S.Ct. 12, 81 L.Ed. 404, rehearing denied 299 U.S. 621, 57 S.Ct. 113, 81 L.Ed. 457, where the nature of the employment and the relief sought are somewhat comparable.