## HOWELL v. BROWN.

### Civ. No. 50–49.

United States District Court
D. Nebraska, Lincoln Division.

Sept. 14, 1949.

Chauncey E. Barney, of Lincoln, Neb., for plaintiff, by appointment of court.

Joseph T. Votava, United States Attorney, of Omaha, Neb., and James L. Brown, pro se, for defendant.

DELEHANT, District Judge.

The defendant is one of the Assistant United States Attorneys for the District of Nebraska, and has his official residence and maintains his office for the transaction of the usual and ordinary duties of his position in Lincoln, within the Lincoln division of the court. The plaintiff is an inmate of the Nebraska State Penitentiary, which is located within the division, by virtue of a judgment and sentence of the District Court of Thayer County, Nebraska. He prosecutes this action in forma pauperis under leave of court. Title 28 U.S.C.A. § 1915.

Understood most liberally and favorably to the plaintiff, his complaint (entitled, "Petition for Mandamus") alleges that in the course of the criminal proceedings against him, leading up to his present incarceration, and in furtherance of a conspiracy between "officials in the State of Nebraska, and the State of Tennessee," he was unlawfully seized on one occasion in Tennessee and on another in Texas, and on each such occasion transported from the state of seizure "to the State of Nebraska and held for reward"; that the place of such holding is the Nebraska State Penitentiary; that transportation to Nebraska after his several unlawful seizures, involved, on each occasion, the violation of Title 18 U.S.C.A. § 1201; that the defendant has been fully advised and in-

formed, presumably by the plaintiff, of such unlawful seizure and transportation, and, somewhat inferentially, that though requested so to do, the defendant has failed and refused to institute within the District of Nebraska proceedings for the prosecution of the state officers by whom such transportation was accomplished. The plaintiff prays for an order directing the defendant "to discharge the legal and sworn duties and obligations of his office and proceed to prosecute the offences committed against the laws of the United States which fall within his jurisdiction, as alleged" in the complaint.

The defendant moves to dismiss for (a) want of jurisdiction of the subject matter, and (b) failure of the complaint to state a claim upon which relief can be granted. Counsel has been provided for the plaintiff, upon his written request. Oral argument has been heard and briefs received and examined upon the issues presented by the motion.

■ Putting aside as requiring no present consideration the defendant's specifications of the failure of the complaint to state a claim supporting relief, the court considers that the motion is well taken upon its jurisdictional ground, and it is, therefore, being granted. Put briefly, no power or jurisdiction is vested in this court to control, whether by writ of mandamus or otherwise, the exercise by the United States Attorney of the discretion and judgment which the law entrusts to him in the prosecution of persons suspected of the violation of the laws of the United States. The defendant does not assert that, and the court does not inquire whether, the United States Attorney, rather than his local deputy, should have been made a defendant, or the sole defendant, in the action. It is assumed, though not decided, that, subject to all other infirmities in his action, the plaintiff may assert his claim against the defendant, rather than against the latter's principal.

■ The present ruling of the court is not narrowly rested on the fact that by Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A., "The writs of scire facias and mandamus are abolished." The relief available before the operative date of the rules, under writ of mandamus, "may be obtained by appropriate action or by appropriate motion under the practice prescribed in" the rules. Rule 81(b), United States ex rel. Vassel v. Durning, 2 Cir., 152 F.2d 455. It is the substance, not the form of the relief sought, that is primarily unavailable.

[3] The first obstacle to this court's jurisdiction is the nature of the relief solely sought by the plaintiff and for which alone he attempts to invoke such jurisdiction. It has long been recognized that federal district courts have not been clothed with jurisdiction to grant writs of mandamus, and now more properly relief in the nature of that formerly awarded under such writs, except as an incident to the exercise of some independent jurisdiction conferred by statute. And no such independent jurisdiction is asserted or resorted to by the plaintiff, or within the detection of the court from a study of his complaint. In that situation the jurisdiction which he attempts to invoke must be denied. In McIntire v. Wood, 7 Cranch 504, 3 L.Ed. 420, the court stated: " * * * we are of opinion, that the power of the circuit courts to issue the writ of mandamus, is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction." See also McClung v. Silliman, 6 Wheat. 598, 5 L.Ed. 340. Those cases arose before the approval of "An Act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from State courts, and for other purposes", being the Act of March 3, 1875, 18 Statutes at Large, 470.

After the passage of that act, it was suggested that the earlier rule as gathered from McIntire v. Wood, supra, and McClung v. Silliman, supra, was no longer valid. But in Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743, that view was examined and rejected, and the court announced the rule, reflected in the second paragraph of its syllabus, that: "Section 716 of the Revised Statutes [28 U.S.C.A. § 1651] giving power to a Circuit

Court to issue all writs not specifically provided for by statute, which may be necessary for the exercise of its jurisdiction, and agreeable to the usages and principles of law, construed in connection with §§ 1 and 2 of the act of 1875 [18 Stat. 470], operates to prevent the issuing by the Circuit Court of a writ of mandamus, except in aid of a jurisdiction previously acquired by that court." That rule has been adhered to in Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L.Ed. 73; Knapp v. Lake Shore & M. S. Ry. Co., 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870; and Covington and Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L. Ed. 111, and in many other reported opinions of the Supreme Court. And it has been observed generally in the lower federal courts. United States ex rel. Vassel v. Durning, supra; Stevenson v. Holstein-Friesian Association, 2 Cir., 30 F.2d 625; Amchanitzky v. Sinnott, 2 Cir., 69 F.2d 97; Branham v. Langley, 4 Cir., 139 F.2d 115; Fineran v. Bailey, 5 Cir., 2 F.2d 363; Youngblood v. United States, 6 Cir., 141 F.2d 912; Barber v. Hetfield, 9 Cir., 4 F.2d 245; Dwyer v. Le Flore County, Oklahoma 10 Cir., 97 F.2d 823; including the Court of Appeals, Eighth Circuit. Evans v. Yost, 8 Cir., 255 F. 726, and First National Bank of Woodbine, Iowa, v. Harrison County, 8 Cir., 57 F.2d 56.

■ Accordingly, since relief in the way of mandamus is the only objective of the plaintiff's complaint, and since that relief is not incidental to any action over which this court by statute has jurisdiction, irrespective of the quest for the mandatory order, jurisdiction does not exist.

An equally insuperable barrier to jurisdiction in the instant action is the nature of the mandatory relief for which the plaintiff prays. Even if the court were mistakenly to claim a general independent jurisdiction to grant relief in the nature of a writ of mandamus, it would be compelled to deny its authority to provide the plaintiff with the particular relief he seeks.

The allowance of writs of mandamus has always been sharply circumscribed. This definition is reflected in United States ex rel. Barton v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 504, 75 L.Ed. 1148, in which the following is said: "Under the established rule, the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."

■ Within that rule, an order in the nature of a writ of mandamus may not lawfully be entered requiring specific action in circumstances warranting or requiring the exercise of discretion or judgment by him to whom it is directed. Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Smith v. United States, 8 Cir., 83 F.2d 631. To that general rule which is supported by many decisions, an apparent, though not an actual exception, is the power of the court, jurisdiction being otherwise present, to require a person or body to proceed to the exercise of a discretion by law committed to him or it. Huidekoper v. Hadley, 8 Cir., 177 F. 1, 40 L.R.A.,N.S., 505, certiorari denied, 223 U.S. 735, 32 S.Ct. 529, 56 L.Ed. 635. But obviously, such an order may not and does not control the course of such discretion.

Now, few subjects are entrusted to the discretion of public officials with greater latitude in its exercise than that with which federal criminal prosecutions are placed within the control of the appropriate United States Attorneys. In re Confiscation Cases. 7 Wall. 454, 19 L.Ed. 196; United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed 333; Morse v. United States, 267 U.S. 80, 45 S.Ct. 209, 69 L.Ed. 522; Deutsch v. Aderhold, 5 Cir., 80 F.2d 677; United States v. Woody, D.C.Mont., 2 F.2d 262; Milliken v. Stone, D.C.N.Y., 7 F.2d 397; United States v. Brokaw, D.C.Ill., 60 F.Supp. 100.

In the Confiscation Cases, supra, the extreme reach of that control is reflected in the following language: "Public prosecutions until they come before the court to which they are returnable, are within the

exclusive direction of the district attorney, and even after they are entered in court, they are so far under his control that he may enter a nolle prosequi at any time before the jury is empanelled for the trial of the case, except in cases where it is otherwise provided in some act of Congress." Parenthetically, it is observed at this point that, by Rule 48 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., a limitation has been imposed upon that earlier absolute power of dismissal; but that restriction has no present bearing.

Addressing himself directly to the claim of judicial power to compel a United States Attorney to prosecute, Circuit Judge Mack said in Milliken v. Stone, supra [7 F.2d 399]: "* * * the federal courts are without power to compel the prosecuting officers to enforce the penal laws, whatever the grounds of their failure may be. The remedy for inactivity of that kind is with the executive and ultimately with the people."

Many reasons compel the conclusion that United States Attorneys should be, as they actually are, beyond the supervisory control of the courts of their respective districts in the performance of their prosecutory duties. They are officers of the administrative or executive branch of the government, acting under a directing head who is a member of the president's cabinet. The judges of the district courts have, therefore, no natural directory authority over them. The courts, too, must sit in judgment upon the cases prosecuted by them, and in that relation, should not themselves be the instigators of actions upon whose merits they must eventually pass. But the consideration most persuasively rejecting the demand for judicial compulsion of prosecution is the very nature of the United States Attorney's task. He must appraise the evidence on which an indictment may be demanded and the accused defendant tried, if he be indicted, and in that service must judge of its availability, competency and probative significance. He must on occasion consider the public impact of criminal proceedings, or, again, balance the admonitory value of invariable and inflexible punishment against the greater impulse of "the quality of mercy." He must determine what offenses, and whom, to prosecute, and, in a case like the present one, of a crime whose action occurs in two or more districts, where to charge the commission of the offense. Into these and many others of the problems committed to his informed discretion it would be sheer impertinence for a court to intrude. And such intrusion is contrary to the settled judicial tradition. Supra.

Besides his initial "Petition for Mandamus," the plaintiff during the pendency of the action filed three pleadings, all arising out of the factual setting of his original "petition," none of which, in its observable objective, has any relation to the purpose of the suit against the defendant. The first of these, entitled "Complaint," contains a sworn accusation by the plaintiff of a supposed offense against the federal laws by sundry persons, some named and some unnamed, and seeks a warrant for their arrest. Whatever might be its merit if it were properly and independently presented, it has no place in this cause, and is being denied. The second pleading is denominated "Motion," and, upon the basis of some incoherent and unintelligible assertions, asks for an order directed to the Board of Pardons, State of Nebraska, "directing them to refrain from carrying out the order and judgment imposed against the plaintiff." Precisely how the Board of Pardons is executing or proposes to execute such order and judgment is not made to appear. Passing over all other reasons for denying that request, it is quite unrelated either to the present proceeding or to the person of the only defendant before the court. It, too, is being denied. The third, entitled "Motion," is merely a demand for the denial of the defendant's motion to dismiss.