Frank BURNS, Joseph Gizowsky, et al.

v.

Arthur A. McCRARY, Col., etc., et al.

Civ. No. 15254.

United States District Court
E. D. New York.

May 11, 1955.

Samuel Resnicoff, New York City, for plaintiffs, for the motion.

Leonard P. Moore, U. S. Atty., by Elliott Kahaner, Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The plaintiffs, civil service employees of the Signal Corps of the United States Army, sued herein for a declaratory judgment. They have moved, pursuant to rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to enjoin the defendants, pendente lite, from reducing them in rank and compensation from their civil service classification as Photographic Equipment Repairer, WB–3308–19, to Photographic Equipment Repairer WB–3308–15. The plaintiffs have also proceeded with administrative appeals, which are now pending.

■■ The plaintiffs seek, by this motion, to maintain their status quo as Photographic Equipment Repairer, WB–3308–19, pending disposition of their administrative appeals and the trial of this action. They say that if they are successful in their administrative appeals this action will become moot, and that if unsuccessful they will proceed with this action. They claim that if their application for a preliminary injunction should be denied this Court, even if they should succeed in establishing that their downgrading was illegal, would have no power to effectively direct that they be reinstated to their former positions if their downgrading had already been effected.

Applicable authority confirms the correctness of their claim. It appears that, once downgrading has been accomplished only the District Court of the District of Columbia can order reinstatement. The Court of Appeals for this Circuit, in the case of United States ex rel. Vassel v. Durning, 152 F.2d 455, summarized the law as follows: "The difficulty goes deeper, for it is abundantly settled, as appears from the decisions cited in the margin, that district courts (except in the District of Columbia) have no jurisdiction to grant such relief (to direct reinstatement) except as ancillary to the exercise of some independently conferred jurisdiction. Therefore, whatever may be the relator's grievance, it is not justiciable before the courts, or at least it is not remediable by an order of reinstatement. The judgment was wrong in dismissing the complaint upon the merits; it should have done so for the District Court's lack of jurisdiction." (Matter in parentheses added.)

■ In its supplemental memorandum the Government argues that the plaintiffs would suffer no irreparable loss or damage should their application for a preliminary injunction be denied and they be obliged to commence their actions in the District Court of the District of Columbia. I disagree, for under those circumstances they would be obliged to incur substantial expenditures, all unrecoverable, for transportation and hotel accommodations for themselves, and possibly, for their counsel.

■ The Government claims, further, that if the application should be granted, and the plaintiffs retained at their present salary levels, the Government would suffer irreparable loss because it will be unable to recover overpayments made to the plaintiffs if the Court should later determine that the demotions and resultant reductions in pay were proper and legal. I find no appreciable merit in that claim.

Accordingly, the motion for a preliminary injunction is granted.

Settle order on notice.